IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE E. MORRIS<br>HARRY MORRIS W/H<br>　　　　Plaintiffs,<br>　　v.<br>THE MOORINGS USA, INC.<br>　　and<br>UNITED STATES YACHT SHOWS, INC.<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:  C.A. 11-cv-6325 (TNO)<br>: |

### RESPONSE OF THE MOORINGS, USA, INC. TO PLAINTIFFS' AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Named defendant, The Moorings USA, Inc., by and through its undersigned counsel, hereby responds to the Plaintiffs' Amended Complaint, and asserts the following affirmative defenses, as follows:

### RESPONSE TO "THE PARTIES TO THE ACTION"

1. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied.

2. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied.

3. Denied. The Moorings, USA, Inc. ("Moorings") is an inactive corporation, not currently organized and doing business under the law. "The Moorings" is a trademark registered to Mariner International Travel, Inc., a Florida corporation, which has an address of 93 N. Park Place Blvd. Clearwater, FL, 33759. Moorings as defined does not manufacture or sell boats.

4. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied.

## RESPONSE TO JURISDICTION AND VENUE

5. This is a conclusion of law to which no response is required under the Rules. To the extent a response is deemed necessary, the averments of this paragraph are denied.

6. This is a conclusion of law to which no response is required under the Rules. To the extent a response is deemed necessary, the averments of this paragraph are denied.

7. This is a conclusion of law to which no response is required under the Rules. To the extent a response is deemed necessary, the averments of this paragraph are denied, venue in this district is improper.

## RESPONSE TO FACTUAL BACKGROUND

### Response to Count One-Negligence
### Joanne E. Morris v. Defendants

8. Answering Defendant incorporates by reference, as if fully set forth herein, its responses to each and every preceding paragraph.

9. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied.

10. Denied as to Answering Defendant, it is further denied that Plaintiff was accessing a "Moorings" yacht.

11. Denied as to Answering Defendant.

12. Denied as to Answering Defendant.

13. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied. To the extent a further response is deemed necessary, the allegations of this paragraph are specifically

denied and it is specifically denied that Plaintiff was disembarking from a "Moorings" yacht.

14. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied. To the extent a further response is deemed necessary, the allegations of this paragraph are specifically denied, and it is specifically denied that Plaintiff was disembarking from a "Moorings" yacht.

15. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied as it may relate to the culpability of Answering Defendant.

16. The allegations of this paragraph are conclusions of law to which no response is required under the Rules. To the extent a further response is deemed necessary, the allegations of this paragraph are specifically denied as it may relate to the culpability of Answering Defendant.

17. The allegations of this paragraph are conclusions of law to which no response is required under the Rules. To the extent a further response is deemed necessary, the allegations of this paragraph are specifically denied as it may relate to the culpability of Answering Defendant.

18. The allegations of this paragraph are conclusions of law to which no response is required under the Rules. To the extent a further response is deemed necessary, the allegations of this paragraph are specifically denied as it may relate to the culpability of Answering Defendant.

19. The allegations of this paragraph are conclusions of law to which no response is required under the Rules. To the extent a further response may be deemed necessary, Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied, and Answering Defendant specifically denies liability or culpability for said accident.

20. The allegations of this paragraph are conclusions of law to which no response is required under the Rules. To the extent a further response may be deemed necessary, Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied, and Answering Defendant specifically denies liability or culpability for said accident.

21. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied. To the extent a further response is deemed necessary Answering Defendant specifically denies liability or culpability for said accident.

22. Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied. To the extent a further response is deemed necessary Answering Defendant specifically denies liability or culpability for said accident.

23. The allegations of this paragraph are conclusions of law to which no response is required under the Rules. To the extent a further response may be deemed necessary, Answering Defendant does not have sufficient information or knowledge to form a belief as to the truth or falsity of this averment, which is, therefore, deemed denied, and Answering Defendant specifically denies liability or culpability for said accident.

24. (a)-(l). The allegations of these paragraphs are conclusions of law to which no responses are required under the Rules. To the extent responses are deemed necessary, Answering Defendant specifically denies liability or culpability for said accident.

WHEREFORE, Answering Defendant demands that the Amended Complaint be dismissed as to it, that judgment be entered in its favor and against Plaintiffs, that it be awarded its costs of defense, including attorneys fees, and that it be awarded such other and further relief as this Honorable Court deems proper in the circumstances.

### RESPONSE TO FACTUAL BACKGROUND

#### Response to Count Two-Loss of Consortium
#### Harry Morris v. Defendants

25. Answering Defendant incorporates by reference, as if fully set forth herein, its responses to each and every preceding paragraph.

26. The allegations of this paragraph are conclusions of law to which no responses are required under the Rules. To the extent responses are deemed necessary, Answering Defendant specifically denies liability or culpability for said accident.

27. The allegations of this paragraph are conclusions of law to which no responses are required under the Rules. To the extent responses are deemed necessary, Answering Defendant, has no knowledge of the alleged injuries and losses sustained by Harry Morris (which are deemed denied) and specifically denies liability or culpability for said accident.

28. The allegations of this paragraph are conclusions of law to which no responses are required under the Rules. To the extent responses are deemed necessary, Answering Defendant, has no knowledge of the alleged injuries and losses sustained by Harry Morris (which are deemed denied) and specifically denies liability or culpability for said accident.

WHEREFORE, Answering Defendant demands that the Amended Complaint be dismissed as to it, that judgment be entered in its favor and against Plaintiffs, that it be awarded

its costs of defense, including attorneys fees, and that it be awarded such other and further relief as this Honorable Court deems proper in the circumstances.

### AFFIRMATIVE DEFENSES

Answering Defendant has been advised by counsel that until there has been complete discovery in this case, a final determination cannot be made as to whether Plaintiffs' claims are barred in whole or in part by the following defenses and other matters asserted in these Affirmative Defenses. Therefore, in order to preserve and not waive such defenses and other matters, Answering Defendant, by its attorney, set forth the following defenses:

1. This Court lacks personal jurisdiction over the Answering Defendant.

2. The Venue of this action is improper.

3. Answering Defendant is not a legal entity that is amenable to suit.

4. Answering Defendant did not lease, own, operate, control, repair, renovate, or maintain the aforesaid vessel from which Plaintiff Joanne Morris was allegedly disembarking, and its surrounding means of ingress and egress.

5. The incident in question is a fortuitous event for which no one is liable.

6. The Plaintiffs' claims are barred by the doctrines of superseding and/or intervening causes.

7. Plaintiff Joanne Morris assumed the risk of the incident and injury.

8. Plaintiff Joanne Morris was negligent and such negligence was the sole factor, or a substantial factor, in the alleged injuries and any negligence on the part of Answering Defendant, said negligence being expressly denied, was less than that of Plaintiff Joanne Morris, and therefore, Plaintiffs are barred from recovery against Answering Defendant. Alternatively, in

the event it is found that Answering Defendant was negligent and that such negligence was greater than the liability of Plaintiff Joanne Morris, the Answering Defendant claims the benefit of the law to reduce its liability by the percentage of Plaintiff Joanne Morris' comparative negligence. Alternatively, Plaintiffs' recovery must be reduced by Plaintiff Joanne Morris' comparative negligence.

9. The injuries, if any, sustained by Plaintiff Joanne Morris were caused or contributed to by the fault and want of due care of Plaintiff Joanne Morris, breach of contract, breach of warranty, and/or breach of Plaintiff Joanne Morris' primary duty, or by others for whose actions or breach of legal duty Answering Defendant is not liable.

10. The injuries and damages complained of were caused solely by instrumentalities and/or appliances designed, manufactured and supplied by parties other than Answering Defendant.

11. If the condition of the vessel or its means of ingress and egress alleged by Plaintiffs existed, which is expressly denied, it was an open and obvious condition, which should have been discovered and avoided by Plaintiff Joanne Morris, and there was no duty to correct or issue warnings with respect to the alleged condition on the part of Answering Defendant or any other person.

12. While Plaintiffs are not entitled to a warranty of seaworthiness, at all times material to this claim, the vessel was in all respects seaworthy, properly manned, equipped and supplied, and any injuries, illnesses, or losses suffered by Plaintiffs as alleged were not due to or caused by any unseaworthiness of the vessel or any negligence or want of care on the part of the Answering Defendant, its agents, officers, representatives, servants or employees, or others for

whom it may be responsible.

13. The condition of the vessel or its appurtenances alleged by Plaintiffs, which condition Answering Defendant denies, did not cause or contribute to the alleged acts complained of by Plaintiffs.

14. The injury claimed by Plaintiff Joanne Morris was a pre-existing condition for which Answering Defendant cannot be held liable.

15. Plaintiffs' claims and damages are barred, limited or otherwise controlled under the general maritime law and/or the law of Maryland.

16. Answering Defendant reserves the right to limit its liability in accordance with the limitation of liability act 46 U.S.C. § 181, *et seq.* and the Rules implementing such legislation, to the extent it is applicable.

17. Any liability of the owners or bareboat charterers of the vessel, which liability is specifically denied, was done, occasioned, or incurred without the privity or knowledge of the owner of the vessel who has the right to limit such liability to the value of said vessel pursuant to 46 U.S.C. § 181, *et seq.*

18. Any injury or damage sustained by the Plaintiffs resulted from circumstances unrelated to the subject matter of this suit.

19. Any injury or damage sustained by the Plaintiffs resulted from the negligence of third persons over whom Answering Defendant had no control.

20. Plaintiffs' claims are barred under the provisions of the statute of limitations and/or doctrine of laches.

21. Plaintiffs' claims are barred for insufficiency of service of process.

22. Plaintiffs' Complaint fails to state a claim upon which relief can be granted or to allege an accident, occurrence or other condition or circumstance entitling Plaintiffs to damages from Answering Defendant.

23. If Plaintiffs were injured as alleged, which is denied, such injuries and accident was caused by Plaintiff Joanne Morris' own negligence and/or fault of a third party for whom Answering Defendant is not responsible, and whom Plaintiffs have failed to join.

24. The injuries and damages claimed were caused by conditions unknown to Answering Defendant, about which Answering Defendant could not have known, and about which Answering Defendant had no duty to inform itself.

25. The injuries and damages complained of were caused by or contributed to by the negligence, want of care, breach of contract and/or breach of warranty of and by persons for whose conduct Answering Defendant is not liable, and over which Answering Defendant had no control, and could not have had control.

26. The injuries and damages complained of were caused solely by instrumentalities and/or appliances designed, manufactured, and supplied by parties other than Answering Defendant. Plaintiff Joanne Morris' alleged injuries, illness, or condition, and her alleged subsequent injuries, illness, or condition were caused by Plaintiff Joanne Morris' own misconduct.

27. Answering Defendant incorporates and relies upon all defenses available to it under the admission ticket for the boat show.

28. Answering Defendant used all reasonable care under the circumstances.

29. Answering Defendant cannot be held liable to Plaintiffs insofar as, and to the

extent that, any injuries, losses, or damages to Plaintiffs were caused by Plaintiff Joanne Morris' unanticipated use and/or intentional or knowing misuse of the products, if any, which may be found to have caused her injuries, losses or damages, if any.

30. Plaintiffs' claims are barred by the doctrines of superseding and/or intervening cause.

31. If Plaintiffs have settled with any other parties for the injuries, losses, and damages set forth in the Complaint, Answering Defendant asserts that it is are entitled to a credit, *pro rata* or *pro tanto*, for any such sums received.

32. To the extent it is established that all conduct and activities of the Answering Defendant alleged in Plaintiffs' Complaint conformed to statutes, government regulations, and industry standards, Plaintiffs' claims against the Answering Defendant must be reduced or barred.

33. In the event and to the extent that Plaintiffs' claims are controlled, in whole or in part, by federal laws or the laws of other states or countries, Answering Defendant reserves the right to assert such defenses as may be available to it under those laws once the other jurisdictions have been identified through discovery.

34. Any negligence or breach of any duty by Answering Defendant, which negligence or breach of duty is specifically denied, was not a proximate cause of the injuries and damages alleged in the Amended Complaint.

35. Answering Defendant reserves the right to seek contribution and/or indemnity from named parties and those persons not party to this action.

36. Whatever damages, if any, Plaintiffs may have suffered, were not reasonably

foreseeable by Answering Defendant.

37. Answering Defendant will rely upon all defenses lawfully available to it at the time of trial and reserve the right to amend its answer as necessary.

38. Answering Defendant incorporates by reference all defenses, including affirmative defenses, asserted or to be asserted by the other Defendants to Plaintiffs' claims in this action to the extent that such defenses would fully or partially exonerate Answering Defendant from any liability to Plaintiffs and/or to any other Defendants in this action.

39. Answering Defendant reserve the right to assert further affirmative defenses as discovery may warrant.

WHEREFORE, Answering Defendant demands that the Amended Complaint be dismissed as to it, that judgment be entered in its favor and against Plaintiffs, that it be awarded its costs of defense, including attorneys fees, and that it be awarded such other and further relief as this Honorable Court deems proper in the circumstances.

MATTIONI, LTD

BY: _____
Stephen J. Galati, Esquire
399 Market St., Suite 200
Philadelphia, PA 19106
Phone: 215-629-1600
Fax: 215-923-2227
*Attorneys for Defendant The Moorings USA, Inc.*

Date: May 9, 2012

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant The Moorings USA, Inc.'s Answer to Plaintiffs' Amended Complaint with Affirmative Defenses was served via electronic notification on May 9, 2012, to the following:

> Omid Niknam, Esquire
> Law Offices of Omid Nikman, P.C.
> 1500 Walnut Street, 21st Floor
> Philadelphia, PA 19102
> E-mail: oniknam@comcast.net
> ***Attorney for Plaintiffs***
>
> Robert E. McDivitt, III, Esquire
> Fineman Krekstein & Harris, P.C.
> 1735 Market Street, Suite 600
> Philadelphia, PA 19103
> E-mail: rmcdivitt@finemanlawfirm.com
> ***Attorney for Defendant United States Yacht Shows, Inc.***

By: _____
Stephen J. Galati