IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOANNE E. MORRIS : | |
| HARRY MORRIS W/H : | |
|     *PLAINTIFFS* : | |
| : | CIVIL ACTION NO. 11-CV-6325 |
| V. : | |
| : | JURY TRIAL DEMANDED |
| MARINER INTERNATIONAL TRAVEL, INC. : | |
| D/B/A THE MOORINGS : | |
| : | |
|    AND : | |
| : | |
| LAGOON : | |
| : | |
|    AND : | |
| : | |
| UNITED STATES YACHT SHOWS, INC. : | |
|     *DEFENDANTS* : | |

## SECOND AMENDED COMPLAINT

### PARTIES TO THIS ACTION

1.  Plaintiff Joanne E. Morris ("Morris") is an adult individual residing at 533 Windy Hill Road, West Chester, PA 19382-6957, and at all times material hereto was a citizen of the Commonwealth of Pennsylvania.

2.  Plaintiff Harry Morris, an adult individual, is the husband of Plaintiff Morris residing at 533 Windy Hill Road, West Chester, PA 19382-6957, and at all times material hereto was a citizen of the Commonwealth of Pennsylvania.

3.  Defendant Mariner Interanationl Travel, Inc. d/b/a The Moorings (Moorings), upon information and belief, was at all times material hereto, a manufacturer and seller of yachts, who's state of incorporation is Florida and who's principal place of business is located in the

1

State of Florida with a registered agent address at 93 N. Park Place Boulevard, Clearwater, FL 33759.

4. Defendant Lagoon, upon information and belief, was at all times material hereto, a manufacturer and seller of yachts, who's principal place of business is located at 162 Quai de Brazza, CS81217, 33072 Bordeaux Cedex, France.

5. Defendant United States Yacht Shows, Inc. ("Yacht Shows"), who's state of incorporation is Maryland and who's principal place of business is located in the State of Maryland with a registered agent address and principal place of business at 2660 Riva Road, Annapolis Maryland, 21401, was at all times material hereto in the business of showcasing sail boats and yachts, including yachts manufactured and sold by Defendant Moorings and/or Lagoon and other boating/yachting supplies.

## JURISDICTION AND VENUE

6. Based upon diversity of citizenship of the parties, and in accordance with 28 U.S.C. § 1332, this Court has jurisdiction over the case and controversy.

7. The amount in controversy in this civil case exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

8. Venue in this district is proper in that Plaintiffs reside within this district.

## FACTUAL BACKGROUND
## COUNT ONE - NEGLIGENCE
## JOANNE E. MORRIS V. DEFENDANTS

9. Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

10. On Friday, October 9, 2009, Plaintiff Morris was a business invitee at the boat show showcased by Defendant Yacht Shows in Annapolis, Maryland at the annual U.S. Sailboat Show.

11. In order to allow access to a Moorings and/or a Lagoon yacht to board it, Defendant Moorings and/or Defendant Lagoon, and/or Defendant Yacht Shows had placed a plastic plank on top of the steps entering the yacht.

12. The subject plank was covered by a thin felt cloth which was slippery and not properly secured.

13. At all times material hereto, Moorings and/or Lagoon employees were present on the dock leading to the yacht.

14. Upon leaving the yacht walking on the felt covered plastic plank, Plaintiff Morris slipped and fell with full force landing on the plank on her coccyx, back and struck her head on the plank.

15. Plaintiff remained on the plank until she was helped off the plank and rested on a chair on the dock with a Defendant Moorings' and/or Lagoon employee.

16. A director of the U.S. Sailboat Show was alerted of Plaintiff Morris' fall and he met Plaintiff Morris on the dock.

17. Plaintiff Morris was injured as a direct and proximate result of the aforementioned dangerous condition which existed in and upon the aforesaid plank, which had been under the ownership, supervision, control and/or maintenance of the aforesaid Defendants.

18. Plaintiff believes and therefore avers that Defendants had actual notice and/or constructive notice of the said dangerous condition prior to the aforesaid date when the Plaintiff was seriously injured.

19. As a result of the aforesaid negligence, Plaintiff sustained serious and painful injuries including but not limited to injuries to her head, neck and back.

20. As a result of the aforesaid accident, Plaintiff has suffered great physical pain and mental anguish, all of which may be permanent in nature and continue in the future, to her great detriment and loss.

21. As a result of the aforesaid accident, Plaintiff has been and may in the future be required to spend considerable sums of money for medical treatment in an effort to treat and cure herself of the injuries sustained as aforesaid, any and all of which may continue to her great financial loss and detriment.

22. Plaintiff has been, and may in the future be, unable to work due to her injuries, with consequent loss of earnings and impairment of her earning capacity.

23. Plaintiff, as a result of this accident, has suffered a loss of the enjoyment of her usual duties, life's pleasures and activities and a shortening of her life expectancy to her great detriment and loss.

24. Plaintiff, in no manner contributed to her injuries which resulted from the direct negligence of the Defendants individually, jointly, severally, and/or by and through their agents, servants, workmen and employees.

25. Plaintiff's fall was caused exclusively and solely by the Defendants' negligence and carelessness in that:

> (a) Defendants caused or permitted the placement of an unsecured thin felt like material covering a plastic plank used for entering and exiting the Moorings yacht and/or Lagoon yacht, where it posed an unreasonable risk of injury to plaintiff and other business invitees;

  (b) Defendants failed to make a reasonable inspection of the plank which would have revealed the existence of the dangerous condition posed by the unsecured, flimsy and slippery nature of the felt material covering it;

  (c) Defendants failed to give warning of the dangerous condition posed by the felt cover to erect barricades, or take any other safety precautions to prevent injury to the plaintiff and other business invitees;

  (d) Defendants failed to remove the felt cover from the plastic plank;

  (e) Said conditions were such that, it posed an unreasonable risk of injury to Plaintiff and other persons;

  (f) Failed to give Plaintiff proper and adequate protection to which Plaintiff was entitled;

  (g) Permitted a nuisance and trap to exist on the plank;

  (h) Failed to inspect and/or negligently inspected the subject area used by Defendants' agents, servants, workmen, employees and/or contractors;

  (i) Failed to use due care in the selection of a person to properly care, secure and make usable the plank;

  (j) Otherwise failed to use due care and caution under the circumstances;

  (k) Was negligent as a matter of law; and

  (l) Negligent in other respects which may well be pointed out during discovery or at the time of trial.

  **WHEREFORE**, Plaintiff demands judgment against Defendants in excess of $75,000.00 plus interest and costs, delay damages, as well as any further remedy deemed appropriate by this Court.

## Count Two
## Loss of Consortium
### HARRY MORRIS V. DEFENDANTS

26. Plaintiffs incorporate by reference each and every allegation set forth in the preceding paragraphs as if set forth herein at length.

27. By the actions described above, Defendants have deprived Plaintiff Harry Morris of his personal interest in preserving the physical safety of his wife Plaintiff Morris.

28. By the actions described above, Defendants have deprived Plaintiff of the companionship, affection, solace, fellowship, assistance, comfort, society and guidance of his wife Plaintiff Morris.

29. As a direct and proximate result of the aforementioned conduct, Plaintiff Harry Morris has suffered and continues to suffer personal hardships, including anxiety and adjustment problems, emotional distress, humiliation, mental pain and anguish, and such other additional losses to be established at the time of trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants in excess of $75,000.00 plus interest and costs, delay damages, as well as any further remedy deemed appropriate by this Court.

Respectfully submitted,

LAW OFFICES OF OMID NIKNAM, P.C.

Date: July 12, 2012          *Omid Niknam*
OMID NIKNAM, ESQUIRE
Attorney I.D. #64589
oniknam@comcast.net
1500 Walnut Street, 21st Floor
Philadelphia, PA 19102
(215) 568-1570
Counsel for Plaintiffs